UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-513-JGB SPx** | Date | June 4, 2019 |
| Title | *Matthew Wheatley v. Masterbrand Cabinets, Inc., et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 19); (2) DENYING as MOOT Defendant's Motion for Judgment on the Pleadings (Dkt. No. 17); and (3) VACATING the June 10, 2019 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Matthew Wheatley's Motion to Remand ("Remand Motion," Dkt. No. 19) and Defendant Masterbrand Cabinet, Inc.'s Motion for Judgment on the Pleadings ("Judgment Motion," Dkt. No. 17-1). The Court considers these matters appropriate for resolution without a hearing. After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the Remand Motion and DENIES as MOOT the Judgment Motion.

## I. BACKGROUND

On August 7, 2018, Plaintiff Matthew Wheatley filed his complaint for a putative class action against Defendant MasterBrand Cabinets, Inc. ("Defendant") and Does 1–100 in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 7, Ex. A.) Plaintiff brought the action on behalf of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during" the class period. (Compl. ¶ 13.) The Complaint advances multiple claims: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime), (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums), (3) violation of California Labor Code § 226.7 (unpaid rest period premiums), (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wage), (5) violation of California Labor Code §§ 201 and 202 (final wages not timely paid), (6) violation of California Labor Code § 204 (wages not timely paid

during employment), (7) violation of California Labor Code § 226(a) (non-compliant wage statements), (8) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records), (9) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses), and (10) violation of California Business & Professions Code §§ 17200, et seq. (See Compl.)

Defendant first removed the action to this Court on October 4, 2018, asserting the Court had subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (See Wheatley v. Masterbrand Cabinets, Inc., et al., Case No. 5:18-cv-02127-JGB(SPx), "First Removal" or "Case 1," Dkt. No. 1 at 3.) On November 5, 2018, Plaintiff filed a motion to remand in Case 1, arguing the action should be remanded to state court because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $5 million required by CAFA. ("Case 1 Motion," 5:18-cv-02127, Dkt. No. 14 at i.) On February 19, 2019, the Court found Defendant failed to satisfy the amount in controversy requirement, granted Plaintiff's Case 1 Motion, and remanded the action to state court. ("February Order," 5:18-cv-02127, Dkt. No. 25.)

On March 31, 2019, Defendant again removed the action to federal court. ("NOR," Dkt. No. 1.) The NOR in this action concerns the same Complaint as the Case 1 NOR. (Compare Compl. with 5:18-cv-02127, Dkt. No. 1-1.) On April 19, 2019, Plaintiff filed his Remand Motion. (See Remand Mot.) Defendant opposed the Remand Motion on May 20, 2019. ("Remand Opp'n," Dkt. No. 22.) On May 23, 2019, Plaintiff replied. ("Remand Reply," Dkt. No. 24.)

On April 19, 2019, Defendant filed its Judgment Motion. (See Judgment Mot.) In support of the Judgment Motion, Defendant attached the declaration of David Rosenberg. (Dkt. No. 17-2.) Plaintiff opposed the Judgment Motion on May 20, 2019. ("Judgment Opp'n," Dkt. No. 23.) Defendant replied on May 23, 2019. ("Judgment Reply," Dkt. No. 25.) In support of the Judgment Reply, Defendant also filed a request for judicial notice as to 16 documents. ("RJN," Dkt. No. 26.)

## II. MOTION TO REMAND

### A. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). CAFA vests federal courts with original jurisdiction over class actions involving at least 100 class members, minimal diversity, and an amount in controversy that exceeds $5,000,000. 28 U.S.C. § 1332(d).

Generally, courts must "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "However, 'no anti-removal presumption attends cases invoking CAFA . . . .'" Garcia v. Wal-Mart Stores, Inc., No. CV 16-01645-BRO (RAO), 2016 WL 6068104, at *3 (C.D. Cal. Oct. 14, 2016) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014)). Instead, Congress

intended CAFA to be interpreted expansively.  Ibarra v. Manheim Investments, Inc., 775 F. 3d 1193, 1197 (9th Cir. 2015).

      A defendant seeking removal of an action to federal district court need only offer a "short and plain statement of the grounds for removal" in its notice of removal.  28 U.S.C § 1446(a).  To meet CAFA's diversity requirement, a removing defendant must show "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  "Thus, under CAFA complete diversity is not required; 'minimal diversity' suffices."  Serrano v. 180 Connect, Inc., 478 F.3d 1018,1021 (9th Cir. 2007) (citations omitted).

      To satisfy CAFA's amount-in-controversy requirement, "a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000."  Garcia 2016 WL 6068104, at *3 (citing Ibarra, 775 F. 3d at 1197).  A removing "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  Dart Cherokee, 135 S. Ct. at 553.  Where a plaintiff questions the amount in controversy asserted, further evidence establishing that the amount alleged meets the jurisdictional minimum is required.  Id. at 554.  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id. at 554.

      "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  Ibarra, 775 F.3d at 1197 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).  "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  Id. at 1198.

**B. Discussion**

      Plaintiff argues Defendant improperly filed a second notice of removal based on the same grounds as in Case 1.  (Remand Mot. at 3-4.)  Defendants respond that the subsequent hire of additional employees who would be included within the class definition and termination of existing class members constitute "new facts" rendering successive removal permissible.

      "As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action."  Allen v. UtiliQuest, LLC, 2014 WL 94337, at *2 (N.D. Cal. Jan. 8, 2014) (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1983); Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction[.]").  However, this prohibition on successive removals does not apply "when subsequent pleadings or events reveal a new and different ground for removal."  Id. (quoting Kirkbride v. Continental Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991) (emphasis in original)).  The Ninth Circuit allows a defendant to file a successive removal based on its own investigation if that investigation is based on newly discovered facts not available at the time of

the first removal. Andersen v. Schwan Food Co., 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014) (discussing Roth v. CHA Hollywood Medical Center, 720 F.3d 1121, 1123 (9th Cir. 2013) (holding "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable.")).

Courts in this district routinely grant motions to remand after a second removal based on a defendant's own factual investigation where that defendant could have presented the same evidence—but did not—at the time of initial removal. See, e.g., id. at *5-6; Allen, 2014 WL 94337, at *3. At least one court in this district has held that continued accrual of class damages "does not constitute a change in circumstances that entitles [a defendant] to successive removal." Waters v. Kohl's Department Stores, Inc., 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018). In Waters, the putative class challenged Kohl's application of Kohl's Cash before application of percent-off discounts. Id. at *1. A district court remanded the action, finding Kohl's had not satisfied the amount in controversy requirement at the time of removal. Id. at *2. Ten months after its initial removal, Kohl's removed the case a second time. Id. at *3. Kohl's argued that because it continued the challenged program post-remand, the damages amount continued to accrue, bringing the amount in controversy over $5,000,000. Id. at *5. The court rejected this argument, noting continued accrual of damages does not amount to a change in circumstances permitting successive removal. Id. Specifically, the court explained that such an accrual did not put Kohl's in a new position compared to where it was during the first removal attempt.[1] Id. This is consistent with another district court ruling that successive removals based solely on the increase of attorneys' fees alone are improper because "any party could simply wait out the clock for the plaintiff to incur additional attorney's fees in state court until the amount in controversy is met." Villareal v. Cent. Freight Lines, Inc., 2017 WL 4535915, at *4 (C.D. Cal. Oct. 10, 2017).

The Court interprets Waters and Villareal to stand for the proposition that accrual of damages and attorneys' fees from the time of the initial removal should not be added to the amount in controversy calculation for a subsequent removal. Accordingly, any increase in workweeks resulting in additional damages and attorneys' fees accruing to the class members at the time of the First Removal may not be added to the amount in controversy here. The Court will consider only the alleged damages and corresponding attorneys' fees which result from the recent termination of class members and newly included class members.

---

[1] Kohl's also provided revised damages calculations based on a sales figure it did not previously track. Waters, 2018 WL 1664968, at *5-6. The court rejected this argument, noting that the information used to derive the new sales figure was available to Kohl's at its initial removal and, therefore, squarely analogous to Andersen, 2014 WL 1226785. Id. at *6. Here, Defendant does not offer new figures concerning the damages calculation when it removed Case 1. Accordingly, the Court need not consider this aspect of Waters.

In support of the NOR in this action, Defendant submitted the Declaration of David Rosenberg. ("Rosenberg Declaration," Dkt. No. 7.) Defendant uses the Rosenberg Declaration to resubmit the following items originally submitted in Case 1: Plaintiff's Complaint and service packet ("Ex. A"), Defendant's answer to the Complaint ("Ex. B"), Case 1's Notice of Removal ("Ex. C"), Case 1 Thornburgh Declaration ("Ex. D"), and the San Bernardino Superior Court's notice of case assignment and notice of case management conference ("Ex. E"). (Dkt. No. 7.) Defendant also submitted a current Declaration of Chase Thornburgh, Defendant's Vice President of Human Resources. ("Thornburgh Declaration," Dkt. No. 6 ¶ 1.)[2] Thornburgh notes that on February 19, 2019, the date of the February Order, he retrieved updated payroll and human resources data for new information not available on the date of the First Removal. (Id. ¶¶ 6, 8.) Thornburgh then looked to the <u>entire class period</u> and noted there were approximately 411 class members working a <u>combined total</u> of about 27,554 workweeks with an <u>aggregate</u> average pay rate of $13.03 per hour across the entire class period. (Id. ¶¶ 9-10.) He then noted that in relation to the inaccurate wage statement claim, from August 7, 2017 through February 19, 2019 there were a <u>total</u> of 245 hourly, non-exempt employees. (Id. ¶ 11.) Finally, Thornburgh noted that the number of non-exempt employees whose employment terminated increased by 35 people between the First Removal and the February Order. (Id. ¶ 12.) Based on this information, and accounting for related increases in attorneys' fees, Defendant asserts an amount in controversy of $5,535,777.80. (Remand Opp'n at 17.) This is a $736,142.18 increase from the amount Defendant established in the First Removal. (February Order at 11.)

As to the calculation for waiting time penalties, the additional 35 employees whose employment has terminated results in a $106,092 increase in the amount in controversy, as their termination occurred after the First Removal.[3] The Court allows for a corresponding 25% attorneys' fees estimate connected to this increase in waiting time penalties. (See February Order at 10.) This adds another $26,523. In the February Order, the Court found Defendant established an amount in controversy of $4,798,635.62. (February Order at 10.) This brings the updated amount in controversy total to $4,931,250.62.

However, as noted above, the Court will not consider accrual of damages and attorneys' fees to class members included at the First Removal. Based on the Thornburgh Declaration, it

---

[2] The Court finds that the Thornburgh Declaration is properly considered "summary-judgment-type evidence" that may be used to establish the basis for an amount in controversy calculation. See February Order at 5.

[3] The Court previously found the following penalty calculation reasonable: "8 hours per day x $12.63 per hour [average hourly pay] x 30 days [maximum statutory waiting time penalty] x 242 employees [the number of former, non-exempt employees that were employed by Defendant during the period not barred by the three year statute of limitations]." (February Order at 8, 8 n.8 (citing Case 1 NOR at 16).) The Court does not have sufficient information as to the average pay of these newly terminated employees. Accordingly, the Court applies the formula above using the same average pay from the February Order. Based on this calculation for the 35 newly terminated employees, Defendants establish by a preponderance of the evidence that the termination of these 35 employees adds $106,092.

appears that Defendant hired 34 non-exempt employees after the date of the First Removal. (Thornburgh Decl. ¶ 9; NOR ¶ 11.) However, Thornburgh does not provide average hourly wages of these new class members. Nor does Thornburgh provide the dates of hire or the number of workweeks attributed to these new class members. He simply provides an increased aggregate calculation of pay rates an increased number of workweeks accruing to the entire class. (See id. ¶¶ 9-10.) Consequently, the Court has no information to consider the damages to the new class members based on their workweeks or average hourly pay. These numbers inform the calculation as to the overtime, meal and rest period, and wage statement claims. (See February Order at 5-10; NOR ¶¶ 53-70, 78-85.) Defendant's failure to provide this information precludes the Court from evaluating the value of the new class members' claims. Thus, Defendant fails to establish by a preponderance of the evidence an amount in controversy attributable to the slightly larger class. Accordingly, the Court GRANTS Plaintiff's Remand Motion.

As a final comment, the Court notes that it appears Defendant is trying to manufacture CAFA jurisdiction by simply relying on the passage of time. Delaying tactics like this are disfavored. Cf. Villareal, 2017 WL 4535915, at *4. For this reason, the Court will not look favorable on any future attempts to remove this action.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Because the Court grants Plaintiff's Remand Motion, Defendant's Judgment Motion is moot. The Court need not consider the parties' arguments. Accordingly, the Judgment Motion and RJN are DENIED as MOOT.

### IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Remand Motion and REMANDS the case to the Superior Court of California for the County of San Bernardino for all further proceedings. The June 10, 2019 hearing is VACATED. Defendant's Judgment Motion is DENIED as MOOT. The Clerk is directed to close the case.

**IT IS SO ORDERED.**